NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONGWANG YU,

         Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

         Respondent.

No.   16-71176

Agency No. A089-994-981

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]
Pasadena, California

Before:  TASHIMA and LEE, Circuit Judges, and CARDONE,[***] District Judge.

Dongwang Yu, a citizen of China, petitions for review of a Board of

Immigration Appeals' (BIA) decision upholding an Immigration Judge's (IJ) denial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

of Yu's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review credibility determinations and denials of asylum, withholding, and CAT relief for substantial evidence, and we uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

1. <u>Substantial evidence supports the adverse credibility determination against Yu.</u>

In his testimony before the IJ, Yu gave plainly inconsistent answers about the frequency of his church attendance. Yu's credibility was further undermined by his inability to name the current pastor at his church, an implausible response given his claimed frequency of attendance. Nor could Yu remember when he first began attending church.

As to Yu's interactions with his middle school friend, Yu contradicted himself by claiming that he rarely saw his friend and then that he had not seen his friend at all since middle school.

Yu also gave evasive testimony as to why he could not obtain corroborating evidence. When asked to provide news reports or human rights reports about residential surveillance in China, Yu gave the non-response that local authorities would not issue any documents about residential surveillance. When asked to provide documentation

2

about his and his friend's attendance at a particular middle school, Yu claimed he could not provide such evidence because the school was being remodeled. But then Yu could provide no proof that the school was being remodeled, merely saying that his wife told him it was now a "brand new school." Finally, Yu gave evasive and inconsistent testimony about why he could not corroborate his attendance at church.

"The adverse credibility determination by the IJ relied on factors explicitly permitted by the REAL ID Act including unresponsive and undetailed testimony, and inconsistent testimony for which there was no explanation or corroboration." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

2. Yu failed to corroborate his testimony.

In *Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011), we held that "the IJ must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available."

The record demonstrates that the IJ continued the case on multiple occasions to allow Yu to obtain corroborating evidence, clarifying the specific evidence that Yu needed to obtain. For instance, when Yu submitted evidence on surveillance generally, the IJ clarified that he wanted evidence of *residential* surveillance, and again allowed Yu time to find such evidence. Given the IJ's instructions on the type of corroborating evidence requested, the continuances to allow Yu to gather such

evidence, and Yu's failure to show that he was unable to gather the evidence, there was no error.

**PETITION DENIED.**